UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5-22-cv-00095-BJB-LLK

IN RE HINES FURLONG LINE, INC., ET AL.                                      PLAINTIFFS

## OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. [DN 12]. Before the Court is the Motion for Punitive Damages Discovery brought by Claimant Janet Adcock, executor of the state of Jackie L. Jones. Motion [DN 168].[1] Limitation Plaintiffs Hines Furlong Line, Inc. and HFL Vessels LLC filed a Response, [DN 176], and Adcock filed a Reply, [DN 178]. The matter being ripe for review, the Motion, [DN 168], is **GRANTED** in part and **DENIED** in part, without prejudice, consistent with the following opinion.

## Background

This is an admiralty and maritime action for limitation of liability which follows from a July 1, 2022, collision on the Ohio River between Limitation Plaintiffs' commercial vessel, the Warren W. Hines, and two recreational vessels carrying the claimants. Complaint [DN1]. The relevant[2] facts show that the collision, and (allegedly negligent) efforts to avoid the collision, Response at 10-11, resulted in the drowning of Claimant Jackie L. Jones. Various claims of negligence, gross negligence, and emotional distress from Jones and the other passengers followed.

---

[1] The Motion is deficient under Federal and Local Rule 37.1 and the Scheduling Order, DN 27 at 4, which require a teleconference prior to filing any discovery motion and a certificate of good faith filed therewith. Future discovery motions that do not comply with the applicable rules will be denied.

[2] The majority of the Motion and attendant exhibits focus on Adcock's characterization of the incident. *See, e.g.,* Motion at 1-17. HFL is correct that few facts are relevant to resolving the question presented. Response at 1-2.

DNs 135-142. According to Adcock and an admission from Limitation Plaintiffs, the Warren W. Hines pilot was "blind[ly,]" Motion at 8, navigating through a thunderstorm, unable to see past the bow of the lead barge, and his tug camera, thermal camera, and radar could not detect the disabled recreational vessels before the collision. *Id.*; DN 168-25. Adcock seeks punitive damages discovery including financial information from Limitation Plaintiffs.

The Motion scarcely references the typical discovery standards or specific discovery requests. The Court interprets the Motion as a request to overrule HFL's discovery objections relating to punitive damages and compel a response pursuant to Fed. R. Civ. P. 37(a)(3)(b). Limitation Plaintiffs objected to the discovery requests solely on the basis that, as a matter of law, financial-condition discovery is barred by Kentucky law. DN 168-45. In briefing, Limitation Plaintiffs make additional arguments about proportionality should their argument for a categorical bar fail. The Court overrules HFL's specific objection and will require that the parties meet and confer in good faith to resolve disputes as to future discovery.

## Legal Standard

Under long-standing Kentucky common law,[3] "the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation" in an action for punitive damages. *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916 (Ky. 1998). "This common law rule was not affected by the enactment of KRS 411.186, though subsection

---

[3] Although this case is brought pursuant to the Court's admiralty and maritime jurisdiction, Complaint [DN1] ¶1, the parties argue only about the extent to which Kentucky law allows financial discovery. This Court has previously determined that state law remedies apply to personal injury claims of non-seamen injured in territorial waters. *See In re Bluegrass Marine, Inc.*, No. 5:05-CV-171-R, 2008 WL 185813, at *1 (W.D. Ky. Jan. 18, 2008). Therefore, the following analysis applies Kentucky's substantive law, but Limitation Plaintiffs have requested or reserved the ability to dispute future choice of law issues. Response at 3 n.1.

2

(2)(c) of that statute would permit evidence of the extent to which the defendant *profited from the wrongful act, itself.*" *Id.* at 916 n.2 (emphasis in original).

KRS § 411.186 provides that, when a fact-finder determines that punitive damages may be awarded, certain factors should be considered, including "[t]he profitability of the misconduct of the defendant[.]"

> (1) In any civil action where claims for punitive damages are included, the jury or judge if jury trial has been waived, shall determine concurrently with all other issues presented, whether punitive damages may be assessed.
> (2) If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then assess the sum of punitive damages. In determining the amount of punitive damages to be assessed, the trier of fact should consider the following factors:
> > (a) The likelihood at the relevant time that serious harm would arise from the defendant's misconduct;
> > (b) The degree of the defendant's awareness of that likelihood;
> > (c) The profitability of the misconduct to the defendant;
> > (d) The duration of the misconduct and any concealment of it by the defendant; and
> > (e) Any actions by the defendant to remedy the misconduct once it became known to the defendant.
> (3) KRS 411.184 and this section are applicable to all cases in which punitive damages are sought.

KRS § 411.186.

## Discussion

HFL argues that Kentucky law categorically prohibits discovery of a parties' financial condition in actions for punitive damages. They cite to *In re Bluegrass Marine, Inc.*, where this Court denied a motion to compel discovery of certain financial documents sought for the purposes of determining the defendants' "financial worth and ability to pay punitive damages." No. 5:05-CV-171-R, 2008 WL 185813, at *2 (W.D. Ky. Jan. 18, 2008). The Court reasoned that because "the Plaintiffs will not be allowed to present evidence to the Court at trial concerning the financial condition of the Defendants, the Plaintiffs have no use for such information." *Id.* *2. In

3

*re Bluegrass Marine* also involved a limitation proceeding where claimants sought punitive damages arising from a watercraft collision.

In this case, Claimants seek financial information pursuant to subsection (2)(c) of Kentucky's punitive damages statute for the purpose[4] of determining the "profitability of the misconduct to the defendant." KRS § 411.186 (2)(c). Their purpose and reliance on this subsection distinguish Claimants from the *In re Bluegrass Marine* movants. Kentucky common law bars evidence from being presented as to a party's overall financial condition, but it permits evidence relating to the profit a party made in the course of engaging in sufficiently wrongful conduct. *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916 n.2 (Ky. 1998).

The parties argue at length about the proper interpretation of *Hardaway* and *In re Bluegrass Marine* and how to reconcile Kentucky's prohibition against financial-condition evidence and its carve-out for wrongful profitability. HFL argues for absolute prohibition, Response at 5-7, and Claimants cite to persuasive authority in support of broad discovery, Motion at 23-24. Neither party has addressed more illustrative Kentucky cases that consider KRS § 411.186 (2)(c).

This Court has previously attempted to strike a balance between Kentucky's statutory permission to present evidence on wrongful-conduct profitability and its common law ban on introducing evidence of overall financial condition. *See Mahaney on behalf of estate of Kyle v. Novartis Pharms. Corp.*, No. 1:06-CV-00035-R, 2012 WL 12996016, at *2 (W.D. Ky. Jan. 25, 2012) (The "statutory factor is limited to a large extent by Kentucky's long-standing rule prohibiting evidence on a litigant's overall financial condition.") It determined that it would be

---

[4] Claimants also seek financial information because "the finder of fact needs to know whether the offender is a mom and pop store or a multi hundred million dollar business." Motion at 19. This is not a proper purpose under *In re Bluegrass Marine*, and as explained further below, unbridled discovery of a party's financial condition is barred by Kentucky law.

4

improper to introduce evidence on "total corporate earnings and financial condition" and "out-of-state sales figures." *Id.* at *2-4. However, the plaintiff was allowed to introduce evidence of state-specific sales figures for about thirty-nine months, *id.* at *5, and was "not required to thrash out the difference between total profits and those amounts that are representative of the impropriety." *Id.* at *3; *see also United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 470 (Ky. 1999) (allowing introduction of at least two years of financial information).

Claimants have apparently requested five years of financial data, or roughly the timeframe that was allowed to be admitted in *Mahaney* and *Rickert* combined. That's not to say that the requests are conclusively overbroad in this respect; Claimants may have a proper purpose for discovery into a wider timeframe,[5] and the scope of discovery is broader than what may be admitted at trial, *see Pepin v. Wisconsin Cent. Ltd*, No. 2:19-CV-00042, 2020 WL 12432395, at *1–2 (W.D. Mich. Dec. 22, 2020); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). But the specific requests for production and objections are not properly[6] before the Court, as the parties' dispute is centered around whether financial information is categorically barred from discovery—or limited to the narrow question of profit derived from a single incident—in a punitive damages action. The Court finds that the scope of discovery is not so limited.

For illustrative purposes, the Court will consider some of the discovery items that have been referenced in briefing. Claimants seek to depose "Plaintiff's 30(b)(6) representative

---

[5] *Mahaney* and *Rickert* involved a discovery timeframe that covered innocuous conduct and a transition into allegedly profitable misconduct. The parties should take this fact into account in framing their requests and objections. Absent another relevant purpose, a shorter discovery timeframe may be appropriate if HFL's alleged misconduct has remained consistent (i.e., if their practice/ industry standard of operating through low-visibility weather conditions hasn't changed).

[6] The Motion references certain deposition topics as well as previous discovery requests. Motion at 18-19; DN 168-44 at 2. If those previous requests are buried in the over four-hundred pages of briefing and exhibits, they are not properly before the Court.

regarding the profitability of the misconduct to the Plaintiff." Motion at 25. This topic is proper. *See Hardaway*, 977 S.W.2d at 916 n.2; *Mahaney*, 2012 WL 12996016, at *2-4. The requests for expenses relating to tug video camera and monitoring systems also appear proper, as they relate to the cost of safety equipment that is directly at issue. [DN 168-45] at 2. There can be no doubt that expenses relating to adequate safety measures directly bear on the question of profitability in this context. *Cf. United States v. Carroll Towing Co.,* 159 F.2d 169, 173 (2d Cir. 1947) (balancing the burden of adequate precaution with risk of severe injury). HFL contends that they "use the best-known safety equipment available, and cost is not a determinative factor[,]" Response at 11, but that is a contention that may be borne out through discovery and that a jury may ultimately assess.

On the other hand, "the net worth of the HFL Plaintiffs" and "amount of entertainment expenses," [DN 168-45] at 2, are barred by Kentucky common law and not tailored to wrongful-conduct profitability. And if Claimants seek any discovery solely to learn "whether the offender is a mom and pop store or a multi hundred million dollar business," Motion at 19, that discovery is squarely at odds with the age-old bar on financial-condition evidence.

HFL also argues that Claimants are required to make a prima facia case showing that they are entitled to punitive damages discovery. Response at 6. They cite no supportive authority, and this Court has previously found that it has discretion to decide whether a prima facia showing is required (and, in applying federal law, that such a prima facia showing is not required). *See, e.g., Penman v. Correct Care Sols., LLC,* No. 518CV00058TBRLLK, 2021 WL 3134255, at *8 (W.D. Ky. July 23, 2021).

Finally, HFL argues that because its compensation structure is based on daily operations and not nautical miles traveled, Claimants will be unable to show any profitability from

continuing to operate during hazardous weather. Response at 5-6. Whether HFL has a profit-incentive to continue operations in low-visibility weather conditions is another question that may be borne out through discovery. If Claimants can discover "relevant evidence linking [HFL's intrastate] profit margins to the [alleged misconduct], then the jury would be entitled to consider such evidence." *See Potts v. Martin & Bayley, Inc.*, No. 4:08-CV-00015-JHM, 2011 WL 4740641, at *4 (W.D. Ky. Oct. 7, 2011).

HFL's other arguments relating to the unavailability of punitive damages based on the current factual record and their purported compliance with industry standards are premature. The punitive damages claims have not been dismissed, and financial discovery is conditionally permitted but has not yet been taken. The trial judge may determine that all of this discovery is inadmissible, that only expenses relating to safety features are admissible, or that some other combination of admissibility limitations applies. The question currently before the Court is whether financial information relating to misconduct-profitability is discoverable, and the answer is yes. HFL's categorical objection is overruled, and future discovery requests and responses shall carefully consider this opinion and authority cited herein, *see, e.g., Mahaney on behalf of estate of Kyle v. Novartis Pharms. Corp.*, No. 1:06-CV-00035-R, 2012 WL 12996016 (W.D. Ky. Jan. 25, 2012); *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999).

## Conclusion

For the foregoing reasons, Claimant Janet Adcock's Motion for Punitive Damages Discovery, Motion [DN 168], is **GRANTED** in part**.** To the extent that Claimants seek to compel the full range of documents and information pursuant to requests that are not properly before the Court, the Motion is **DENIED,** without prejudice, consistent with this opinion.

Claimants may re-notice the deposition of Limitation Plaintiff's 30(b)(6) representative, consistent with this opinion, and topics may relate to the profitability of the Limitation Plaintiffs' misconduct. Claimants may renew their production requests, consistent with this opinion. To the extent that HFL's objections are based on a strict prohibition against financial discovery, those objections are overruled, and HFL shall respond to future requests with discoverable financial information and objections tailored thereto.

The parties shall meet and confer—by telephone or in person—to resolve any future discovery disputes, in accord with Federal and Local Rule 37.1 and the Scheduling Order, DN 27 at 4, which require a teleconference prior to filing any discovery motion and that a certificate of good faith be filed therewith. Future discovery motions that do not comply with the applicable rules will be denied.

March 4, 2026

Lanny King, Magistrate Judge
United States District Court

C: Counsel